# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ex rel. **CARLOS ESPINOZA,** | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. 15 C 888<br>) |
| **TOM SPILLER**, Warden, Pinckneyville Correctional Center, | )<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Within the last couple of days this Court has received, a bit belatedly (see this District Court's LR 5.2(f)), the Judge's copy of the 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus ("Petition") filed by counsel for Carlos Espinoza ("Espinoza") to challenge Espinoza's state court bench trial conviction on charges of first degree murder, attempt first degree murder and aggravated discharge of a firearm, on which conviction Espinoza is serving a 30-year custodial sentence in the Illinois Department of Corrections. In accordance with its regular practice of conducting an immediate review of every newly-filed action assigned to its calendar, this Court has swiftly examined the Petition and finds it to be untimely filed. Hence this memorandum opinion and order is issued sua sponte to inquire of the respondent Warden's counsel, the Office of the Illinois Attorney General, whether it wishes to assert or to waive that available limitation defense.

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Section 2244(d)(1)(A) reads:[2]

>     (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>         (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

Then Section 2244(d)(2) creates this tolling provision to mesh with that one-year limitations period:

>     (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here Petition Part I alleges that on April 2, 2003 the Illinois Supreme Court denied Espinoza's petition for leave to appeal from the Illinois Appellate Court's affirmance of Espinoza's conviction and sentence, while definitive United States Supreme Court caselaw (see, e.g., Clay v. United States, 537 U.S. 522, 527-28 (2003)) tacks onto that date the 90-day period that is permitted for certiorari applications even when no such application has been filed. That addition extends the limitation kickoff period under Section 2244(d)(1)(A) to July 1, 2003.

Thus two months and 22 days had elapsed on the one-year limitation clock established by Section 2244 before the September 24, 2003 date on which Petition Part II asserts that Espinoza filed a petition for post-conviction relief in the Cook County Circuit Court here in Chicago. So even on the assumption, most favorable to Espinoza, that the entire time frame from that September 24, 2003 filing date until the January 29, 2014 date on which the Illinois Supreme

---

[2] None of the other alternatives under Section 2244(d)(1) provides a later starting date for the limitation period.

Court denied leave to appeal from the Illinois Appellate Court's affirmance of the state Circuit Court's dismissal of the petition for post-conviction relief was a period during which that petition was "pending" for Section 2244(d)(2) tolling purposes, the January 28, 2015 filing of the current Petition in this District Court took place <u>after</u> the one-year limitation clock had already run out. And that is so (1) because <u>Lawrence v. Florida</u>, 549 U.S. 327 (2007) decided that a state application for post-conviction or other collateral review is not "pending" under that tolling provision when the state courts have entered a final judgment on the matter, even though a petition for certiorari has been filed, and (2) because our Court of Appeals has since held in <u>Tucker v. Kingston</u>, 538 F.3d 732, 735 (7th Cir. 2008) that the same rule applies in a case where, as here (see Petition Part II), certiorari had not been sought from that final judgment:

> Tucker's final argument, that the statute of limitations should be tolled during the 90 days he could have sought certiorari after the state supreme court denied leave to appeal in his postconviction proceedings, is foreclosed by <u>Lawrence v. Florida</u>, ----- U.S. -----, 127 S. Ct. 1079, 166 L.Ed.2d 924 (2007).

It is noteworthy, as this opinion has already reflected, that the Petition was filed just one day short of the first anniversary after the conclusion of Espinoza's state post-conviction effort, with the latter having occurred on January 29, 2014 and with the Petition having been filed in this District Court on January 28, 2015. It is just as though the Petition's filer misread Section 2242(d)(2) as merely adding a subpart (E) to the "latest of --" list in Section 2244(d)(1) -- an imaginary subpart that read something like this:

> the date on which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment is no longer pending.

Not so. As the analysis in this opinion has shown, the statutory structure enacted by Congress requires that each of Section 2244(b)(1) and 2244(d)(2) must be read and applied independently, with their interaction determining whether a Section 2254 petition is or is not timely filed.

**Conclusion**

Although it would seem highly unlikely, it is perhaps possible that the government might view the Petition's patent misreading of that statutory structure as somehow excusable (remember that the violation of a statute of limitations is not a jurisdictional flaw). To deal with that possibility (however remote) this Court is today transmitting a copy of this opinion to the Illinois Attorney General's Office as well as to Espinoza's counsel. This action is set for an initial status hearing at 9 a.m. February 24, 2015, at which time the Assistant Attorney General assigned to the case is ordered to advise, as stated at the outset of this opinion, whether that office wishes to assert or to waive the limitation defense as analyzed in this opinion.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 10, 2015